BARRY J. PORTMAN
Federal Public Defender
SHAWN HALBERT
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for NINA L. DONEHUE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-0380 SI |
| Plaintiff, | DEFENDANT'S MOTION FOR BILL OF PARTICULARS |
| vs. | Date: January 18, 2008 |
| NINA L. DONEHUE, | Time: 11:00 a.m. |
| | Courtroom: Honorable Susan Illston |
| Defendant. | |

TO:  UNITED STATES OF AMERICA, PLAINTIFF; AND SCOTT N. SCHOOLS, ACTING UNITED STATES ATTORNEY; AND ERIKA FRICK, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that counsel for defendant Nina Donehue hereby moves this Court for an order directing the government to provide a bill of particulars.

The motion is based on this notice and motion, the following memorandum of points and authorities, the Fifth and Sixth Amendments to the United States Constitution, Rule 7(f) of the Federal Rules of Criminal Procedure and all other applicable constitutional, statutory and case authority, and such evidence and argument as may be presented at the hearing of this motion.

//

MTN FOR BILL OF PARTICULARS
No. CR-07-0380 SI                                    1

## INTRODUCTION

Ms. Donehue is charged with embezzling from an organization of which she was an agent, in violation of 18 U.S.C. § 666(a)(1)(A). Section 666 applies only if the organization has received, within a year of the offense, more than $10,000 in federal "benefits." 18 U.S.C. § 666(b). It is not clear from either the indictment or the discovery what benefits the organization here received. Accordingly, the Court should order the government to provide a bill of particulars so that Ms. Donehue may, if appropriate, move to dismiss the charges against her and otherwise prepare her defense.

## FACTS

Ms. Donehue is charged with a violation of 18 U.S.C. § 666(a)(1)(A), "Embezzling Funds From Federally-Funded Government Agency." *See* Indictment, attached as Exhibit A. The indictment alleges that in 2006, while she was secretary of the board of the Northridge Cooperative Homes ["Northridge"], Ms. Donehue embezzled more than $5,000 from Northridge. *Id.* The indictment also alleges that Northridge was an organization within the meaning of 18 U.S.C. §666(a)(1) and "[i]n calendar year 2006, the Northridge received in excess of $10,000 in benefits and assistance from the United States government." *Id.* The indictment includes no more information about the nature of federal benefits and/or assistance allegedly received by Northridge. *Id.*

According to the government, Northridge, through the San Francisco Housing Authority ["SFHA"], received Section 8 housing assistance payments from the Department of Housing and Urban Development ["HUD"] in January and February 2006. The discovery includes checks from this period from SFHA to Northridge for more than $10,000. The defense understands that these payment might be the "benefits and assistance" to which the indictment is referring. Other than these payments, the discovery does not indicate what, if anything, Northridge received from HUD during 2006. Nor does the discovery indicate the nature of the benefits that Northridge received.

## ARGUMENT

The Sixth Amendment to the United States Constitution guarantees that a criminal defendant shall "be informed of the nature and cause of the accusation" against her; the Fifth Amendment, in turn, ensures that no one "shall . . . be deprived of life, liberty, or property, without due process of law." Interpreting these provisions, the United States Supreme Court has stressed that a "defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense." *Powell v. Alabama*, 287 U.S. 45, 59, 69-73 (1932); *In re Oliver*, 333 U.S. 257 (1948). Due process thus requires notice of charges and a reasonable opportunity to defend or explain.

Inadequate notice of charges impairs a defendant's ability to exercise her rights to confront witnesses against her and to compel the appearance of witnesses in her favor, as well as her counsel's discharge of the duty to investigate avenues of defense. *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *United States v. Greater Syracuse Board of Realtors*, 438 F. Supp. 376, 380-81 (N.D.N.Y. 1977). To avoid these perils, a court confronted with an insufficiently detailed indictment should order the government to file a bill of particulars elaborating on the charges. *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954).

Federal Rule of Criminal Procedure 7(f) specifically provides that "[t]he court may direct the filing of a bill of particulars."[1] A bill of particulars is intended to supplement the charging document "by providing more detail of the facts upon which the charges are based. It normally responds to specific questions formulated by the defendant." *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981). "It is the one method open to a defendant in a criminal case to secure the details of the charge against him." Charles A. Wright, *Federal Practice and Procedure: Criminal* § 129 (2d ed. 1982).

---

[1] In exercising its discretion under Rule 7(f), it should be noted that the Rule was amended in 1966 "to encourage a more liberal attitude by the courts toward bills of particulars." *See* Fed. R. Crim. P. 7, Advisory Committee Note (1966 Amendment).

Defendants should "be given the benefit of the doubt in gray areas." *United States v. Thevis*, 474 F. Supp. 117, 124 (D. Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir. 1982). The power to direct the United States to file a bill of particulars

> should be freely exercised with an awareness than an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his defense, and, at least, to avoid prejudicial surprise.

*King v. United States*, 402 F.2d 289, 292 (10th Cir. 1968); *see also United States v. Tanner*, 279 F. Supp. 457, 474 (N.D. Ill. 1967) (in view of 1966 amendment liberalizing Rule 7(f), "the courts should exercise their discretion by taking a liberal attitude toward the grant of bills of particulars"). The specific functions of a bill of particulars are to inform a defendant of the nature of the charges against her sufficiently to enable her to prepare for trial; to minimize the danger of surprise at trial; and to protect against a second prosecution based upon the same set of facts. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). If any of these functions would be thwarted absent a bill of particulars, a court should order the government to file such a bill. *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971). Doubts should be resolved in favor of granting the bill. *Tanner*, 279 F. Supp. at 474.

In this case, the government must prove that Northridge, the organization from which Ms. Donehue allegedly embezzled, "receive[d], in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. § 666(b). The indictment alleges only that, at all material times, Northridge was an organization within the meaning of 18 U.S.C. §666(a)(1) and that in 2006, "Northridge received in excess of $10,000 in benefits and assistance from the United States government." The government's theory of what federal "benefits" Northridge received in 2006 is not clear from either the indictment or the discovery. Accordingly, Ms. Donehue respectfully asks the Court to order the government to provide a bill of particulars alleging

1  specifically the amount and type of federal "benefits" it claims that Northridge received in 2006.

## CONCLUSION

For the reasons stated above, Ms. Donehue respectfully asks the Court to order the government to provide a bill of particulars.

Dated: November 29, 2007

                Respectfully submitted,

                BARRY J. PORTMAN
                Federal Public Defender

                /s/ Shawn Halbert

                SHAWN HALBERT
                Assistant Federal Public Defender