BARRY J. PORTMAN
Federal Public Defender
ERIC MATTHEW HAIRSTON
Assistant Federal Public Defenders
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone: (415) 436-7700

Counsel for Defendant NINA DONEHUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br> v.<br><br>NINA L. DONEHUE,<br><br>  Defendant. | CR-07-0380 SI<br><br>NINA DONEHUE'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT<br><br>Court: The Hon. Susan Illson<br>Date: April 25, 2008<br>Time: 11:00 a.m. |

**INTRODUCTION**

A substantial portion of the government's opposition to Ms. Donehue's motion to dismiss is devoted to the propriety of setting forth conjunctive statutory language in the same count. This is a well-recognized practice to which Ms. Donehue has raised no objection. Ms. Donehue is prepared to proceed to trial on the allegation that she embezzled, stole, obtained by fraud or converted funds belonging to Northridge Cooperative Homes. The government's defense of its decision to charge all potential means of violating 18 U.S.C. §666 in a single count fails to respond to the central argument of Ms. Donehue's Motion to Dismiss: the newly-expanded Count One encompasses two distinct courses of conduct, one of which falls entirely outside the scope of §666 or any other recognizable criminal statute.

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS SECOND
SUPERSEDING INDICTMENT
CR 07-0380 SI

## DISCUSSION

### I. POSSESSION OF AN ITEM ALLEGEDLY PURCHASED WITH EMBEZZLED, STOLEN OR CONVERTED FUNDS IS NOT A RECOGNIZABLE CRIME

Through its expansion of Count One, the government seeks to criminalize conduct that falls outside the scope of §666 or any other federal statute of which undersigned counsel is aware. There is simply no crime of Possessing-a-Chrysler-Allegedly-Purchased-With-Stolen-Funds. Nor does such conduct fall within the scope of any of the statutory theories of prosecution under 18 U.S.C. §666. The government sets forth three such theories under which Ms. Donehue's possession of the Chrysler constitutes a violation of §666. Each relies upon a combination of obscuring the critical distinction between chargeable and non-chargeable conduct and ignoring the differences between 18 U.S.C. §666 and 18 U.S.C. §641, and each is addressed below.

*A. Misapplication Does Not Encompass the Possession of an Item Allegedly Purchased With Misapplied Funds*

This government's presentation of this theory is summarized as follows (1) misapplication means the unauthorized use of funds, (2) continued unauthorized use of funds is a continuing crime, and thus (3) Ms. Donehue's possession of a Chrysler purchased with funds she was not authorized to use is a continuing crime. This logic highlights the conceptual flaw on which the entire recent expansion of Count One is premised. The government's theory is dependent upon the persistent conflation of the *funds* allegedly withdrawn from the Northridge account with the *goods and services allegedly purchased with those funds*.

The government appears to argue that Ms. Donehue should face additional criminal liability for her continued possession of an item allegedly purchased with misapplied funds. The fact that a car is a large item that can be transferred between owners with relative ease helps to mask the unsound logic of the government's new theory. Under the government's premise, Ms. Donehue could presumably have truncated the scope of her criminal liability by immediately misapplying the funds toward any number of more fleeting purchases: An Alaskan cruise for her extended family. Six hundred pairs of moderately-priced shoes. Thirty thousand unlucky raffle tickets. A black-market kidney for an ailing childhood friend. The myriad examples of how the funds

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS SECOND
SUPERSEDING INDICTMENT
CR 07-0380 SI                                   2

might otherwise have been misapplied are limited only by the imagination, and share with the reality a complete lack of relevance to the actual crime with which Ms. Donehue has been charged.

Ms. Donehue is alleged to have withdrawn funds from the Northridge account over a period of approximately sixteen days. Any embezzlement, theft or conversion of these funds necessarily terminated with her last such withdrawal. Even in the most generous characterization, any "use" of the funds terminated once they were used, any misapplication ended once the funds were misapplied. The allegation that some of the funds were used to purchase a Chrysler does not mean that the funds are continually used with each day that the car remains a mechanically viable item.

    B. *Embezzlement is a Continuing Offense Only When it Involves an Ongoing Series of Takings*

The government relies on *United States v. Smith*, 373 F.3d 561 (4th Cir. 2004) for the premise that embezzlement can in certain circumstances constitute a continuing offense. In *Smith*, the Fourth Circuit addressed whether a prosecution under 18 U.S.C. §641 was properly charged in a single count. The Court noted that "[i]n determining whether *a series of takings* are properly aggregated, the court must examine the intent of the actor at the first taking. If the actor formulated a 'plan or scheme or [set] up a mechanism which, when put into operation, [would] result in the taking or diversion of sums of money *on a recurring basis'* the crime may be charged as a single count." *Id.*, at 564, quoting *United States v. Billingslea*, 603 F.2d 515, 520 (5th Cir. 1979)(emphasis added)(internal citations omitted).

*Smith* holds no relevance to the issue raised in Ms. Donehue's Motion to Dismiss. Ms. Donehue has not objected to the inclusion in a single count of her series of alleged withdrawals from the Northridge account. Rather, she has objected to the expansion of that count to include sixteen months of possession of an automobile allegedly purchased with such funds. This subsequent, non-criminal conduct has no place in a substantive count of Ms. Donehue's indictment, and *Smith* provides no support for its inclusion.

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT
CR 07-0380 SI                            3

*C. The Crime of Conversion Does Not Extend to Possession of a Chrysler Purchased With Allegedly Converted Funds*

Here, the government argues that (1) conversion includes the deliberate taking or retaining of the money or property of another, and so (2) Ms. Donehue's retention of a Chrysler allegedly purchased with Northridge's funds constitutes a continuing offense.  This expansion of the concept of conversion to encompass the subsequent possession of items purchased with allegedly converted funds is fundamentally unsound for the reasons set forth in Ms. Donehue's discussion of the government's theory of misapplication, *supra*.  *See, United States v. Beard*, 713 F.Supp. 285, 291 (S.D.Ind. 1989) "[c]onversion is simply the wrongful assumption and exercise of control over another's property.  *See*, Black's Law Dictionary, 402 (4th ed. 1968) (citing authority).  What the converter intends to do (or in fact does) with the converted property is irrelevant: the act of 'conversion' is completed upon the initial interference with the owners interest."  *See, also Kann v. United States*, 323 U.S. 88, 95 (1944) (conduct subsequent to fraudulent receipt of funds is merely incidental and collateral to the alleged crime, rather than an extension of it).

Further, statutory analysis reveals that Congress had no intention for conversion under 18 U.S.C. §666 to encompass even the continued retention of misappropriated funds, much less the retention of items allegedly purchased with those funds.  As noted in Ms. Donehue's Motion to Dismiss, the Ninth Circuit has observed that §666 was enacted specifically to fill a gap revealed in 18 U.S.C. 641 whereby "theft of money distributed under federal programs could not be prosecuted if title to the funds had either passed to another entity or become so commingled with other assets" that the federal character of the funds could no longer be shown.  *United States v. Wyncoop*, 11 F.3d 119, 122 (9th Cir. 1993).  It is therefore notable that in addition to prohibiting the conversion, embezzlement and theft of federal funds, §641 contains a second paragraph *specifically* criminalizing the receipt, concealment or retention of funds known to have been

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT
CR 07-0380 SI                                                              4

embezzled, stolen or converted[1]. *See, Id.* The inclusion of this paragraph of §641 would be superfluous if Congress intended conversion of government funds as prohibited in the first paragraph of the statute to encompass the subsequent retention of converted funds. Similarly, the omission of any similar language from §666 indicates that Congress specifically chose *not* to further criminalize the receipt, concealment or retention of property misappropriated from a federally-funded organization.

The government's attempt to expand Count One under a theory of conversion thus requires a two-part leap of statutory interpretation. First, it wrongly assumes that the language criminalizing the receipt, concealment or retention of converted property set forth in §641 maintains a silent presence in §666, despite the absence of any indication of Congressional intent in support of this premise. The government then seeks to *further* expand this concept of conversion to criminalize not just the retention of converted property, but also the retention of anything purchased with allegedly converted property. This attempt fails as a matter of logic and as a matter of law, and thus the newly-expanded Count One should be dismissed so that Ms. Donehue can proceed to trial on a fundamentally sound theory of prosecution.

//
//
//
//
//
//
//

---

[1] It is due to this critical distinction in the statutory language of §666 and §641 that the government's reliance on *United States v. Fleetwood*, 489 F.Supp. 129 (D. Or. 1980) is particularly misplaced. Fleetwood addressed the concealment and retention of U.S. Savings Bonds in violation of the second paragraph of §641. These bonds- unlike a subsequently purchased car- fell squarely within the paragraph of §641 prohibiting the retention of stolen federal property.

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT
CR 07-0380 SI                    5

**CONCLUSION**

The government has expanded Count One of the Second Superseding Indictment by obscuring the line between relevant substantive acts and irrelevant subsequent actions. This conflation of the facts that it seeks to introduce at trial with the law under which Ms. Donehue is charged presents a substantial risk of a non-unanimous verdict and conviction for non-criminal conduct. For the foregoing reasons, Ms. Nina Donehue respectfully requests that this Court dismiss the Second Superseding Indictment filed against her.

DATED: April 22, 2008.                    _____/s/_____
                                          ERIC MATTHEW HAIRSTON
                                          Assistant Federal Public Defender
                                          Attorney for Defendant

REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT
CR 07-0380 SI                             6