IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>NINA L. DONEHUE,<br><br>    Defendant.<br>_____ / | No. C 07-00380 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT** |

On April 25, 2008, the Court heard argument on defendant's motion to dismiss the second superseding indictment. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendant's motion to dismiss.

**BACKGROUND**

On June 14, 2007, defendant Nina Donehue was indicted under 18 U.S.C. § 666(a)(1)(A) for having "knowingly embezzled, stole, and obtained by fraud monies and funds in excess of $5,000 belonging to and in the care, custody, and control of" Northridge Cooperative Homes ("Northridge"), a federally-funded housing cooperative for low-income people. Hairston Decl. ex. A. The indictment charged that defendant committed the crime between January 20, 2006 and February 6, 2006, *id.*, when defendant was a resident of Northridge and an elected member of the Northridge Board of Directors. Defendant allegedly withdrew approximately $35,000 from a Wells Fargo Bank account linked to Northridge's general fund during the sixteen-day period in early 2006, and used some of the proceeds of the crime to purchase a new 2006 Chrysler automobile. *See* Defendant's Motion to Dismiss at 2; Government's Opposition at 2.

On June 28, 2007, the government issued a superseding indictment, *see* Hairston Decl. ex. B, which according to defendant did not materially alter the allegations against defendant, *see* Defendant's Motion to Dismiss at 2. On March 21, 2008, the government informed defendant's counsel, by letter, that the government intended to seek a second superseding indictment alleging that defendant's continued possession of, *inter alia*, the vehicle purchased with Northridge funds constituted a continuing violation of federal law. Hairston Decl. ex. C. On March 27, 2008, the government filed a second superseding indictment charging defendant with having "knowingly embezzled, stole, and obtained by fraud, and without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, monies and funds in excess of $5,000 belonging to and in the care, custody, and control of" Northridge, in violation of the same statute, 18 U.S.C. § 666(a)(1)(A). Hairston Decl. ex. D. The second superseding indictment alleged that defendant committed the crime between January 20, 2006 and June 28, 2007, the date of the first superseding indictment.

## DISCUSSION

Defendant now moves to dismiss the second superseding indictment, arguing that it impermissibly expands the scope of defendant's alleged criminal conduct to include her continued possession of the fruits of the embezzled funds, i.e. the 2006 Chrysler purchased with money from the Northridge account. The government contends that the most recent indictment properly charges defendant with the "continued retention of the automobile purchased with Northridge funds," which constitutes "a continuing violation of law." Government's Opposition at 3. For the following reasons, the Court agrees with defendant that the government may not charge defendant with a crime merely for continuing to possess the vehicle, but finds that, based on the more complete explanation provided by the government at oral argument, it is possible to construe the indictment in such a way that it properly alleges violations of federal law.

At oral argument, the government clarified that there are two possible theories under which it will try to convict defendant. The first is that defendant committed a violation of 18 U.S.C. § 666 sometime between January 20, 2006 and February 6, 2006, when funds from the Northridge bank account came into defendant's possession and she decided to keep them. Alternatively, if the

government cannot prove beyond a reasonable doubt that defendant violated § 666 during the series of financial transactions in which she received the Northridge funds, the government may be able to prove that defendant violated § 666 on or about February 8, 2006, when defendant was notified at a Northridge board meeting that the $35,000 she had received was not hers and that it belonged to Northridge, and when defendant decided not to return the money or the vehicle to Northridge. Under the government's second theory, even if defendant did not have the requisite mental state to embezzle or convert Northridge's property when she first received it, defendant could have developed the requisite intent once she was put on notice that she was in possession of Northridge's funds and that Northridge wanted its funds returned.

In order to clarify the scope of the second superseding indictment, the Court will first address the contention that defendant may be criminally liable under the government's first theory for continuing to posses the funds or the vehicle subsequent to embezzling or converting the Northridge funds. The Court holds that 18 U.S.C. § 666 is not a "continuing offense" as defined by *Toussie v. United States*, 397 U.S. 112, 115 (1970) (an offense may be construed as a "continuing offense" where "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one"), and thus that defendant cannot be charged with violating § 666 merely for her continued possession of the stolen funds or of the vehicle, *see United States v. Beard*, 713 F. Supp. 285, 291 (S.D. Ind. 1989) ("[R]etention of the converted property is not in any way an element or part of the crime of conversion. . . . What the converter intends to do (or in fact does) with the converted property is irrelevant: the act of 'conversion' is completed upon the initial interference with the owner's interest."); *United States v. Pease*, 2008 WL 808683, *2 (D. Ariz. March 24, 2008) (holding that conversion under § 641 is not a "continuing offense").

Looking beyond the "continuing offense" doctrine, § 666, by its plain language, does not apply to the possession of embezzled or converted funds. *See* 18 U.S.C. § 666(a)(1)(A). In fact, the absence of such language stands in stark contrast to the language of 18 U.S.C. § 641, an older statute criminalizing the embezzlement of property owned by the United States. In addition to similar language about embezzling, stealing, or converting property, that statute also makes it a crime to "receive[],

3

conceal[], or retain[] the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted." 18 U.S.C. § 641.[1] As the Ninth Circuit has explicitly found, in enacting § 666, the statute at issue here, "Congress was attempting to fill two gaps that had been revealed in" § 641. *United States v. Wyncoop*, 11 F.3d 119, 122 (9th Cir. 1993). The fact that Congress explicitly criminalized the retention of stolen property with intent to convert it in § 641 but did not add this provision to § 666, a companion statute, is significant. Had Congress wanted to criminalize the possession of stolen funds in § 666, it certainly knew how to do so.

As to the government's second theory, the Court agrees with the government that if it cannot demonstrate that defendant violated § 666 when she received the funds, it may be able to demonstrate that defendant violated § 666 when she decided to retain the funds after learning that they were not hers and that Northridge wanted them back. This act could, for instance, fall under the definition of conversion, *see* Black's Law Dictionary 300 (5th ed. 1979) (defining conversion as "[a]n unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights," or as "[a]ny unauthorized act which deprives an owner of his property permanently or for an indefinite time."); *Morissette v. United States*, 342 U.S. 246, 272 (1952), or embezzlement, *Moore v. United States*, 160 U.S. 268, 269 (1895) ("Embezzlement is the fraudulent appropriation of property by a person to whom such property has been intrusted, or into whose hands it has lawfully come."); 3 Wharton's Criminal Law § 383 (15th ed.) ("In accordance with generally accepted law, a defendant commits embezzlement when, being in lawful possession of the property of another, he fraudulently appropriates or converts such property to his own use with the intent permanently to deprive."). The Court therefore construes the second superseding indictment as alleging that defendant committed a crime under § 666 between January 20, 2006 and February 6, 2006, under its first theory, or that defendant committed a crime under § 666 on or about February 8, 2006, when defendant was notified that the funds belonged to Northridge. In order to convict defendant, a jury must agree unanimously on which facts and which of the government's two

---

[1] It should be noted that this retention provision of § 641 was intended to apply not against the wrongdoer who initially embezzled funds, but against subsequent wrongdoers who acquired the property at a later time. *Milanovich v. United States*, 365 U.S. 551, 554 (1961).

4

theories apply.  Such unanimity will avoid the duplicity problems raised by defendant.

## CONCLUSION

For all of the foregoing reasons, and construing the indictment in the manner described above, the Court DENIES defendant's motion to dismiss the second superseding indictment [Docket No. 41]. Should the government disagree with the Court's construal of the second superseding indictment, the government may amend the indictment accordingly.

**IT IS SO ORDERED.**

Dated: April 28, 2008

SUSAN ILLSTON
United States District Judge