BARRY J. PORTMAN
Federal Public Defender
ERIC MATTHEW HAIRSTON
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant DONEHUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-07-0380 SI |
| Plaintiff, | ) | NINA DONEHUE'S MOTION IN LIMINE TO EXCLUDE POVERTY EVIDENCE |
| v. | ) | Court: Hon. Susan Illston |
| NINA L. DONEHUE, | ) | Date:  July 1, 2008 |
| Defendant. | ) | Time:  3:30 p.m. |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND JOSEPH RUSSONIELLO

UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA; ERIKA FRICK,

ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTE that on Tuesday, July 1, 2008 at 3:30 p.m.,  Ms. Nina Donehue will

move this Court pursuant to Federal Rules of Evidence 401, 402 and 403 to exclude all evidence

of her financial condition from the government's opening statement and case-in-chief.  This

motion is based on the following memorandum of points and authority, the Federal Rules of

Evidence and Criminal Procedure, the United States Constitution, all relevant legal authority and

such argument as will be entertained by the Court at the hearing on this matter.

///

///

MOTION IN LIMINE TO EXCLUDE POVERTY EVIDENCE
CR 07-0380 SI

1

## INTRODUCTION

2    Nina Donehue is charged in a superseding indictment (the "Indictment") alleging that

3    between January 20, 2006 and February 6, 2006 she knowingly embezzled, stole, obtained by

4    fraud and converted funds belonging to the Northridge Cooperative Homes ("Northridge"), a

5    federally-funded organization within the meaning of 18 U.S.C. §666(a)(1).  The Indictment

6    alleges that Ms. Donehue, while an elected officer of Northridge's Board of Directors, made a

7    series of withdrawals from an account at Wells Fargo Bank linked to Northridge's general fund.

8    The Indictment also contains a demand for forfeiture of approximately $35,000 that was

9    withdrawn from the account and an automobile that the government intends to prove was

10   purchased with such funds.

11    The defense anticipates that the government will seek to admit evidence at trial that during

12   the relevant time period Ms. Donehue was marginally employed, lacking in assets and living in

13   subsidized housing in an area of San Francisco known for poverty and crime.  Ms. Donehue

14   hereby seeks to exclude all such evidence from the government's opening statement and case-in-

15   chief as both irrelevant under Federal Rule of Evidence 401 and inadmissible under Federal

16   Rules of Evidence 402 and 403.

17

18                        ## ARGUMENT

19   ## I.   EVIDENCE OF A DEFENDANT'S POVERTY IS GENERALLY NOT ADMISSIBLE
         TO SHOW MOTIVE

20    Evidence is relevant if it has a tendency to make the existence of any fact that is of

21   consequence to the determination of the action more probable or less probable.  Fed. Rule Evid.

22   401.  It is long settled that irrelevant evidence is not admissible at trial.  Fed. Rule Evid. 402.

23   Further, even relevant evidence may be excluded if its probative value is outweighed by the

24   danger of unfair prejudice to the defendant.  Fed. Rule Evid. 403.

25    The admissibility of poverty evidence was addressed by the Ninth Circuit Court of Appeals in

26   *United States v. Mitchell*, 172 F.3d 1104 (1999).  There, the government introduced evidence at

27   trial that the defendant was perpetually poor, partially supported by his parents and unable to

28

MOTION IN LIMINE TO EXCLUDE POVERTY EVIDENCE

1  provide for his wife and children.  In reversing Mitchell's conviction, the Ninth Circuit reiterated

2  the traditional view that evidence of poverty is not admissible to show motive because such

3  evidence is of marginal probative value and is unfairly prejudicial to poor people charged with a

4  crime.  *Mitchell*, 172 F.3d 1008.  Elaborating on the general irrelevance and prejudicial effect of

5  evidence of a defendant's financial condition, the Court observed the following with prose that

6  undersigned counsel cannot presume to improve upon: "[p]overty as proof of motive has in many

7  cases little tendency to make theft more probable. Lack of money gives a person an interest in

8  having more. But so does desire for money, without poverty. A rich man's greed is as much a

9  motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a

10  great deal of unfair prejudice with little probative value." *Id.*, at 1108-1109.

## II. EVIDENCE OF NINA DONEHUE'S POVERTY SHOULD BE EXCLUDED AS IRRELEVANT AND OVERLY PREJUDICIAL

13      Ms. Donehue does not argue that evidence of a defendant's poverty is inadmissible in every

14  case and in all circumstances.  Admissibility of such evidence is dependent upon the facts of a

15  particular case, and in *Mitchell* the Ninth Circuit distinguished prior rulings in which the

16  admission of poverty evidence had been upheld.  *Id.*, at 1108, citing *United States v. Feldman*,

17  788 F.2d 544 (9th Cir.1986) (evidence that defendant owed "substantial sums" was relevant to

18  show motive for bank robbery), *United States v. Jackson*, 882 F.2d 1444 (9th Cir. 1989)

19  (unexplained and abrupt change in financial status was admissible as circumstantial evidence

20  linking defendant to crime).

21      Here, however, the extent of Ms. Donehue's poverty has no apparent relevance to the

22  government's opening statement or case-in-chief, nor do any facts or arguments likely to

23  demonstrate her poverty through less direct means.  Allowing the government to present

24  evidence of Ms. Donehue's financial condition will only tempt the jury to make just the

25  inaccurate and prejudicial assumption with which *Mitchell* is concerned:  that a chronically poor

26  resident of a chronically poor neighborhood is more likely to commit crime than any other

27  citizen.

1    More important than prejudice, however, is the fact that Ms. Donehue's financial condition is

2    simply irrelevant to this proceeding. Her poverty establishes no element of the offense with

3    which she is charged, her underemployment is of no consequence to the jury's deliberations. The

4    contents of Ms. Donehue's pocketbook have no legitimate place in the government's affirmative

5    case, and for that reason Ms. Donehue respectfully requests that this Court exclude such evidence

6    from her trial.

7                                                **CONCLUSION**

8    For the foregoing reasons, Ms. Nina Donehue respectfully requests that the Court exclude the

9    following from the government's opening statement and case-in-chief:

10   (1) Evidence of Ms. Donehue's personal financial condition, including but not limited to

11   argument and testimony relating to Ms. Donehue's income and/or assets during the relevant time

12   period.

13   (2) Evidence that any federal funds received by the Northridge Cooperative during the

14   relevant time period were received in the form of Section 8 housing assistance payments.

15   (3) References in argument or testimony to (a) the Northridge Cooperative as a "low-income

16   housing development," a "housing project," or any related term which tends to reveal the

17   financial condition of residents, (b) any maximum income/asset requirements for residents of the

18   Northridge Cooperative, (c) the amount of monthly rent paid by Ms. Donehue to the Northridge

19   Cooperative, or (d) the Northridge Cooperative's location in the Bayview-Hunters Point

20   neighborhood of San Francisco.

21

22

23   DATED: June 23, 2008                    _____/s/_____

24                                           ERIC MATTHEW HAIRSTON

25                                           Assistant Federal Public Defender
                                             Attorney for Nina Donehue

26

27

28

MOTION IN LIMINE TO EXCLUDE POVERTY EVIDENCE
CR 07-0380 SI                           4