BARRY J. PORTMAN
Federal Public Defender
RONALD C. TYLER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant DONEHUE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. CR 07-0380 SI |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S OPPOSITION TO |
| v. | ) | GOVERNMENT'S MOTION TO |
| | ) | CLARIFY |
| NINA DONEHUE, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

On April 14, 2008, Nina Donehue moved to dismiss the second superseding indictment filed in this matter on the grounds that it was duplicitous. On April 28, 2008, after considering written and oral arguments the Court issued an order denying the defendant's motion. In so doing, the Court agreed with the defendant that 18 U.S.C. § 666 is not a continuing offense and that Ms. Donehue cannot be charged under that statute based on continued possession of allegedly stolen goods. Nonetheless, the Court held that the indictment is not defective, so long as it is construed as alleging two crimes, based on the two theories advanced by the government at oral argument:

> 1) that the defendant committed a violation of the statute between January 20 and February 6, 2006, when certain funds came into her possession and she decided to keep them; and

DEFT OPP TO GOV'T MOTION TO
CLARIFY
*U.S. v. Donehue;* CR 07-0380 SI

- 1 -

2) that the defendant committed a separate violation of the statute on or about February 8, 2006 when she was informed that the funds were not hers but decided to keep them.

Order at 4:21-24 (Docket Item 45).

The Court further ruled, "In order to convict the defendant, a jury must agree unanimously on which facts and which of the government's two theories apply. Such unanimity will avoid the duplicity problems raised by the defendant." *Id.* at 4:25-5:1.

The government has now filed a motion, styled as a motion to clarify. Upon review, the motion, instead, is actually seeking reconsideration of a matter already fully briefed, argued and decided.

The Local Rules properly prohibit re-litigation of decided matters, absent a specifically permissible reason and only after a party obtains leave of Court through explicit procedures. Civil L.R. 7-9 (which does apply in criminal cases, as shown below). Because the government has failed to follow such procedures and would be unable to satisfy them, the motion should be denied.

**ARGUMENT**

**I.    The Government's Motion For Reconsideration Should Be Denied**

    **A.    Comparison of the Government's April Response with its August Motion Quickly Demonstrates that the New Motion Seeks Reconsideration of the Court's April Order.**

On April 18, 2008, the government filed its response to the defendant's motion to dismiss. Government's Response to Defendant's Motion to Dismiss, Docket Item 43 (hereafter "Gov't April Response"). On August 22, 2008, four months after the Court heard and resolved that motion, the government filed its new motion, styled as a motion to clarify the Court's Order. Gov't Motion to Clarify, Docket Item 59 (hereafter "Gov't August Motion"). A comparison of the two memoranda demonstrates that the latest arguments cover the same, well-trod ground.

In its latest filing, the government re-asserts the exact same argument against the defendant's claims of a duplicitous indictment. Indeed, much of the argument appears to have been simply cut

DEFT OPP TO GOV'T MOTION TO CLARIFY        - 2 -
*U.S. v. Donehue;* CR 07-0380 SI

1  and pasted into the new memorandum – at times with minor, immaterial edits.  *Compare* Gov't April
2  Response at 8:20-9:23 with Gov't August Motion 7:11-8:10; *Compare* Gov't April Response at
3  5:18-21  with Gov't August Motion 8:14-15; *Compare* Gov't April Response at 6:5-9:23 with Gov't
4  August Motion 7:11-8:10.

5      Due its apparent displeasure with the Court's resolution of the matter in April, the government
6  now seeks a second bite at the same apple.

7      The government also shifts positions in its effort at reconsideration.  In April, the government
8  stated, "The most appropriate way to address this issue [of duplicity] is with carefully crafted jury
9  instructions explaining each theory of conviction and with a clear unanimity instruction."  Gov't
10  April Response at 10:10-10:12.  The Court accepted that invitation and ruled precisely in that fashion
11  in its April Order.  In it's latest filing, the government contradicts itself, now asking that the Court
12  give a "standard jury instruction," rather than a unanimity instruction.  Gov't August Motion at 9:25-
13  28.

14      The government's improper attempt to seek re-consideration must be denied.  The government
15  has failed to follow clearly set out local rules.  As shown below, even if the rules were followed, the
16  government would not have been able to demonstrate that re-consideration was merited.

17      **B.**    **The Local Rules Require A Party To Follow Clear Procedures Before Filing A Motion For Reconsideration.**
18
19      The Criminal Local Rules recognize the need for finality during pretrial motions practice.
20  Once a court has issued a ruling, a party cannot initiate a new round of briefing on the same issue
21  without first receiving court approval, based on a clear set of procedures.  Civil Local Rule 7-9
22  establishes those procedures.  Rule 7-9 is applicable in criminal matters:

> The provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules, the Federal Rules of Criminal Procedure or provisions of law specifically applicable to criminal cases.
>
> Criminal Local Rule 2-1

1   Under Rule 7-9, a party must first file a motion to obtain leave of court before filing a motion
2   for reconsideration. Civil L.R. 7-9 (a). The motion for leave of court must meet specific provisions
3   clearly designed to avoid repetition of argument. L.R. 7-9 (b):

4   (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The
5   moving party must specifically show:

6   (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for
7   which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or
8   law at the time of the interlocutory order; or

9   (2) The emergence of new material facts or a change of law occurring after the time of such order; or
10

11   (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

12   (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support
13   of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.
14

15   (d) Determination of Motion. Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to
16   reconsider. If the judge decides to order the filing of additional papers or that the matter warrants a hearing, the judge will fix an appropriate schedule.

17   Civil L.R. 7-9(b).

18   **C. The Government Has Not Met the Requirements of Local Rule 7-9(b) and (c).**

19   Even if the government had followed the Local Rule 7-9, it would have been unable to meet its
20   requirements.

21   1.   **No material difference of fact or law exists from that presented to the Court in April.**
22

23   The facts of this case are frozen in time from long before the Court's April 2008 order. The
24   government could certainly not show that facts existed prior to April of which it was not aware,
25   through the exercise of reasonable diligence. This point is made abundantly clear by the
26   government's new, redundant filing, wherein it sets forth the same facts, at times in the same precise

DEFT OPP TO GOV'T MOTION TO        - 4 -
CLARIFY
*U.S. v. Donehue;* CR 07-0380 SI

language, as it did in its April filing.  *Compare* Gov't April Response at 2-3 with Gov't August Motion 2-4.  Although some additional detail from 2006 is added, it is not based on newly discovered facts, but on matters known long ago.

Similarly, the government has not demonstrated any material difference of law from that presented prior to the April ruling.  Again, its August filing convincingly demonstrates the opposite, with its multiple repetitions of April argument and authorities, as described above.

### 2. No material new facts nor new law have emerged since the April Hearing.

Nina Donehue is charged with violations of the law based on conduct in January and February 2006.  The government cannot demonstrate the emergence of any new facts since April that are material to the issues that were already argued to the Court.[1]  By the same token, the government cannot demonstrate any material change in the law since April that would merit re-consideration.

### 3. The Court carefully considered all material facts and dispositive law presented in April.

Review of the transcript of the April argument and the Court's order demonstrates that the Court gave full and fair consideration to both sides.  The government could not seriously contend otherwise.

### 4. The government has repeated its argument, in violation of the rule.

Local Rule 7-9 (c) prohibits repetition of argument in a party's motion for leave to file a motion to reconsider.  The benefit of such a prohibition is that it obviates the need for the Court to engage in the time-consuming process of re-reading arguments on which it has already ruled.  In the present instance, the government has clearly run afoul of this prohibition, as demonstrated above.

---

[1] The government does present new allegations regarding recent actions by Ms. Donehue. Gov't August Motion at 5.  Those allegations are completely irrelevant to the issues at hand.  It is unclear why they were presented to the Court, other than to possibly engender antipathy towards Ms. Donehue.

DEFT OPP TO GOV'T MOTION TO CLARIFY  
*U.S. v. Donehue;* CR 07-0380 SI
- 5 -

## II. The Government's Motion, on the Merits, Presents no New Authority and Should be Denied.

Even if the Court were to consider the government's arguments, there is no basis for reversing the carefully considered April decision.

The Court has properly observed that the government, at oral argument in April, set forth two separate theories of liability. Order at 2:21-3:9. Those two theories rely on two sets of facts, allegedly occurring at different points in time. The "conjunctive" versus "disjunctive" argument which the government now attempts to resurrect does not apply in this instance. Gov't August Mot. at 7. If the indictment alleged that illegal activity occurred on a certain date and there were different possible legal theories of liability for that one core set of facts, then the government's arguments would have merit. The general rule is that when a single crime can be committed in various ways, jurors need not agree on the mode of commission. *Schad v. Arizona*, 501 U.S. 624, 649 (1991) (Scalia, J., concurring).

However, in the present case, the government alleges that Ms. Donehue committed multiple crimes: violations of 18 U.S.C. § 666 between January 20 and February 6, 2006 based on alleged thefts from a bank account; and a violation of that statute on or about February 8, 2006, when she was notified that funds she had possessed did not belong to her. Since these are different crimes, they each require unanimous decisions by the jury for conviction. Fed.R.Crim.P. 31(a).

*United States v. Holley*, 942 F.2d 916 (5th Cir. 1991) elucidates the point. In a subsequent case, the Fifth Circuit explained *Holley* as follows:

> In *Holley*, the defendant was convicted of two counts of perjury . . . For each count, however, the indictment alleged multiple statements, each of which would have constituted a separate violation of the perjury statute. The trial court rejected a jury instruction to the effect that the jury must be unanimous as to at least one statement in each count. This court held that the counts alleging multiple instances of perjury were in fact, separate offenses, and consequently the indictment was duplicitous. To cure the duplicity, the district court was required to give the jury Holley's tendered instruction on specific unanimity. Its failure to do so was reversible error.

*United States v. Correa-Ventura*, 6 F.3d 1070 (5th Cir. 1993) (citations omitted).

The present case is susceptible to the same analysis. The indictment, as properly construed by the Court, alleges multiple acts, each of which could constitute a separate violation of the statute. Since the indictment alleges multiple offenses, the indictment is duplicitous. To cure the duplicity, the Court has properly decided, in its April Order, that a unanimity instruction is required, absent an amended indictment.

**CONCLUSION**

For all of the foregoing reasons, Nina Donehue respectfully requests that the Court deny the government's motion. The motion is an improperly filed motion for reconsideration, filed without leave of the Court. Even if leave of the Court were properly sought, the government cannot demonstrate that such leave should be granted, given that no new facts or law exist. In any event, the motion is meritless, as set forth above.

Dated: September 9, 2008

        Respectfully submitted,

        BARRY J. PORTMAN
        Federal Public Defender

           /s/

        RONALD C. TYLER
        Assistant Federal Public Defender