1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
3  BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division
4  ERIKA R. FRICK (CABN 208150)
   JONATHAN D. SCHMIDT (CABN 230646)
5  Assistant United States Attorneys

6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
7     Telephone: (415) 436-6973
      Facsimile: (415) 436-7234
8     E-Mail: erika.frick@usdoj.gov

9  Attorneys for the United States of America

10                          UNITED STATES DISTRICT COURT
11                         NORTHERN DISTRICT OF CALIFORNIA
12                              SAN FRANCISCO DIVISION
13

14 UNITED STATES OF AMERICA,        )   No. CR 07-380 SI
                                    )
15         Plaintiff,                )   UNITED STATES' REPLY TO
                                    )   DEFENDANT'S OPPOSITION TO
16     v.                            )   GOVERNMENT'S MOTION TO
                                    )   CLARIFY
17 NINA L. DONEHUE,                 )
                                    )   Date:  October 3, 2008
18         Defendant.                )   Time:  11:00 a.m.
                                    )
19 _____  )

20

21     The government hereby files this brief response to the defendant's opposition.

22     The government does not view its Motion to Clarify as a motion for reconsideration

23 subject to Civil Local Rule 7-9.  The government is not asking for reconsideration of this

24 Court's holding that 18 U.S.C. § 666 is a non-continuing offense, and the government certainly is

25 not asking for reconsideration of the Court's denial of the motion to dismiss the indictment.

26 Rather, the government's motion is premised on the assumption that, as this Court held, that

27 Section 666 is *not* a continuing offense and that the indictment is valid as it currently stands.  The

28 government merely seeks clarification in order to enable the parties to draft coherent jury

UNITED STATES' REPLY
CR 07-0380 SI

1 instructions.

2     Originally, the government sought the same clarification in the form of a motion in limine
3 filed in June 2008. However, because the trial date was continued, this Court did not rule on the
4 motions in limine. The government believed – rather than wait for the new deadline for motions
5 in limine – it would aid both parties for the government to file this motion for clarification now
6 so that the parties could prepare adequately for trial. Thus, the government filed this motion
7 separately. The government further notes that the defendant is in no way prejudiced by this
8 motion due to its being filed months in advance of the new trial date of January 12, 2009.

9     In its order issued on April 28, 2008, this Court stated: "Should the government disagree
10 with the Court's construal of the second superseding indictment, the government may amend the
11 indictment accordingly." Rather than amending the indictment, which is unnecessary here for the
12 reasons explained in the government's motion to clarify, the government seeks the Court's
13 guidance as to jury instructions that best capture the Court's recognition in its April 28 order that
14 there is more than one way that the defendant could have committed this crime.

15     As explained in the motion to clarify, the government believes that it is the jury's
16 province to decide when this crime was completed, that is, exactly when and if the defendant
17 formed the criminal intent to take or retain Northridge's funds. As also explained in that motion,
18 the jury must be unanimous that a criminal intent was formed at some point between January 20
19 and February 8, 2006 or shortly thereafter. However, the jury need not be unanimous as to
20 precisely when the intent was formed; it is enough that it was formed somewhere in that time
21 period. Thus, the government believes that a standard jury instruction is not only the most
22 practical solution in this case, but that it is also the only solution that is consistent with the case
23 law cited by the government. Notably, the defendant has not offered any viable alternative that
24 would address the concerns raised by the government's motion to clarify.

25     The government proposes the following instruction, which is analogous to what would be
26 given in a bank robbery case:

27         In order to sustain a conviction for this offense, the government
        must prove the following three essential elements beyond a
28         reasonable doubt: First, that the defendant was an agent of

UNITED STATES' REPLY
CR 07-0380 SI

1 |       Northridge at the time of the offense. Second, that the defendant
      embezzled, stole, obtained by fraud, willfully converted, or
2 |       intentionally misapplied property worth at least $5,000, which was
      under the control, care, or supervision of Northridge. And, third,
3 |       that the offense occurred during a time in which Northridge
      received in excess of $10,000 in federal assistance in any one-year
4 |       period.

The government believes that under clearly controlling case law it is for each juror to decide whether and when one of the five verbs (embezzled, stole, obtained by fraud, willfully converted, or intentionally misapplied) was established beyond a reasonable doubt by the defendant's conduct. The jurors need not agree as to which verb or exactly when the intent was established in order to convict the defendant.

DATED: September 15, 2008        Respectfully submitted,

                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney

                                          _____/s/_____
                                          ERIKA R. FRICK
                                          Assistant United States Attorney

UNITED STATES' REPLY
CR 07-0380 SI