IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. CR 07-0380 SI |
| Plaintiff, | **ORDER GRANTING GOVERNMENT'S MOTION TO CLARIFY** |
| v. | |
| NINA DONEHUE, | |
| Defendant. | |

On October 3, 2008, the Court heard oral argument on the government's motion to clarify. Having considered the arguments of counsel and papers submitted, and for good cause shown, the Court GRANTS the government's motion.

**BACKGROUND**

On June 14, 2007, defendant Nina Donehue was indicted under 18 U.S.C. § 666(a)(1)(A) for having "knowingly embezzled, stole, and obtained by fraud monies and funds in excess of $5,000 belonging to and in the care, custody, and control of" Northridge Cooperative Homes ("Northridge"), a federally-funded housing cooperative for low-income people. Hairston Decl. ex. A. The indictment charged that defendant committed the crime between January 20, 2006 and February 6, 2006, *id.*, when defendant was a resident of Northridge and an elected member of the Northridge Board of Directors. Defendant allegedly withdrew approximately $35,000 from a Wells Fargo Bank account linked to Northridge's general fund during the sixteen-day period in early 2006 and used some of the proceeds of the crime to purchase a new 2006 Chrysler automobile.

On March 21, 2008, the government informed defendant's counsel, by letter, that the government intended to seek a second superseding indictment alleging that defendant's continued possession of, *inter alia*, the vehicle purchased with Northridge funds constituted a continuing violation of federal law. Hairston Decl. ex. C. On March 27, 2008, the government filed a second superseding indictment charging that defendant "knowingly embezzled, stole, and obtained by fraud, and without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, monies and funds in excess of $5,000 belonging to and in the care, custody, and control of" Northridge, in violation of the same statute, 18 U.S.C. § 666(a)(1)(A). Hairston Decl. ex. D. The second superseding indictment alleged that defendant committed the crime between January 20, 2006 and June 28, 2007, the date of the first superseding indictment.

Defendant moved to dismiss the second superseding indictment, arguing that it impermissibly expanded the scope of defendant's alleged criminal conduct to include her continued possession of the fruits of the embezzled funds, i.e. the 2006 Chrysler purchased with money from the Northridge account.

At oral argument on defendant's motion to dismiss, the government maintained that there are two possible theories under which it will try to convict defendant. The first is that defendant committed a violation of 18 U.S.C. § 666 some time between January 20, 2006 and February 6, 2006, when funds from the Northridge bank account came into defendant's possession and she decided to keep them. Alternatively, if the government cannot prove beyond a reasonable doubt that defendant violated § 666 during the series of financial transactions in which she received the Northridge funds, the government may be able to prove that defendant violated § 666 on or about February 8, 2006, when defendant was notified at a Northridge board meeting that the $35,000 she had received was not hers and that it belonged to Northridge, and that defendant then decided not to return the money or the vehicle to Northridge.

Under the government's second theory, even if defendant did not have the requisite mental state to embezzle or convert Northridge's property when she first received it, defendant could have developed the requisite intent once she was put on notice that she was in possession of Northridge's funds and that Northridge wanted its funds returned. Order Denying Def. Mot. to Dismiss Second Superceding Indictment at 3 ("Order").

2

As to the first theory, the Court held on April 28, 2008 that 18 U.S.C. § 666 is not a "continuing offense," so defendant cannot be charged with violating § 666 merely for her continued possession of the stolen funds or of the vehicle. *See* Order at 3.

The Court agreed with the government that under the second theory, if it cannot demonstrate that defendant violated § 666 when she received the funds, it may be able to demonstrate that she violated § 666 when she decided to retain the funds after learning that they were not hers and that Northridge wanted them back. The Court reasoned that this act could constitute conversion or embezzlement. The Court concluded:

> The Court therefore construes the second superseding indictment as alleging that defendant committed a crime under § 666 between January 20, 2006 and February 6, 2006, under its first theory, or that defendant committed a crime under § 666 on or about February 8, 2006, when defendant was notified that the funds belonged to Northridge. In order to convict defendant, a jury must agree unanimously on which facts and which of the government's two theories apply. Such unanimity will avoid the duplicity problems raised by defendant.

Order at 4-5. Now before the Court is the government's motion to clarify its April 28 Order.

**DISCUSSION**

The government maintains that its theory of the case is that defendant took and/or retained funds belonging to Northridge, and that she formed the requisite criminal intent at some time during the period between when she took the funds and when she retained them. *See* Def. Mot. to Clarify, at 6. The government contends that it will be misleading to the jury to divide the offense into the two separate date ranges indicated by the Court. *Id.* Instead, the government argues that the jury should consider a continuous time period, from January 20, 2006 until "February 8, 2006 and shortly thereafter." *Id.* Accordingly, the government requests that the jury instructions not bifurcate the date range into two periods, one in which the defendant took the property and the second in which she retained the property. *Id.* at 9.

Defendant responds that the present indictment is duplicitous because it alleges multiple acts, (making withdrawals between January 20 and February 6, and retaining funds on February 8), any of which would constitute a separate violation of § 666. *See* Def. Opp. at 7. According to defendant, the

3

Court properly required a unanimity instruction so the jury could decide unanimously which set of facts is proven beyond a reasonable doubt. *Id.*

"Duplicity is the joining in a single count of two or more distinct and separate offenses. One vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense." *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). There is no bright line dividing statutes that describe alternative ways to commit the same crime from those that create separate offenses. *See United States v. Arreola*, 467 F.3d 1153, 1157 (9th Cir. 2006) (citing *UCO Oil Co.*, 546 F.2d at 838) (describing four relevant factors: "(1) language of the statute itself, (2) the legislative history and statutory context, (3) the type of conduct proscribed, and (4) the appropriateness of multiple punishment for the conduct charged in the indictment.") (citations and ellipses omitted). A statute does not create separate offenses merely by "encompass[ing] various modes of violation requiring different elements of proof." *Id.* The Supreme Court explained in *Schad v. Arizona* that "Our cases reflect a long-established rule of the criminal law that an indictment need not specify which overt act, among several named, was the means by which a crime was committed." 501 U.S. 624, 631 (1991).

Section 666(a)(1)(A) provides that a defendant is liable if he "embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that (i) is valued at $5,000 or more, and (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency."[1] According to the title of the statute, § 666 criminalizes "[t]heft . . . concerning programs receiving Federal funds." The acts enumerated in the statute (embezzlement, stealing, obtaining by fraud, and conversion) are best

---

[1] The second superseding indictment mirrors the text of § 666(a)(1)(A) almost exactly, alleging that the defendant "knowingly embezzled, stole, and obtained by fraud, and without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, monies and funds in excess of $5,000 belonging to and in the care, custody and control of the Northridge." The only relevant difference is the substitution of "and" for "or," but this wording change does not render the indictment duplicitous. *See United States v. Bettencourt*, 614 F.2d 214, 219 (9th Cir. 1980) ("In the absence of a variance or other fatal defect in the indictment, a jury may convict on a finding of any of the elements of a disjunctively defined offense, despite the grand jury's choice of conjunctive language in the indictment."); *see also Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1082 (9th Cir. 2007) ("It is common to charge conjunctively when an underlying statute proscribes more than one act disjunctively; such a charge permits conviction upon proof that the defendant committed either of the conjunctively charged acts.").

read as several means by which the crime of theft can be accomplished. The jury need not be unanimous as to how the defendant committed the crime.

Defendant cites *United States v. Holley* to support her contention that the government alleges different crimes and the jury must decide each unanimously. 942 F.2d 916 (5th Cir. 1991). In *Holley*, the defendant's indictment alleged multiple false statements. *Id.* at 928. It was duplicitous because the government was required to prove dissimilar facts to show the knowing falsity of each statement. *Id.* In contrast, the indictment here alleges one act–theft concerning programs receiving federal funds–that can be accomplished in any of four ways. Under *Schad*, the jury need not decide unanimously whether defendant committed the theft by embezzling, stealing, obtaining by fraud, or converting. There is therefore no need to make the jury decide between two time periods when defendant could have committed the crime.

## CONCLUSION

For all of the foregoing reason, the Court GRANTS government's motion to clarify and clarifies that the jury will not be instructed to consider a bifurcated time period. The Court will revisit the question of the unanimity instruction when the parties present their proposed jury instructions.

**IT IS SO ORDERED.**

Dated: November 10, 2008

SUSAN ILLSTON
United States District Judge