IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

NINA L. DONEHUE,

        Defendant.
                                  /

No. CR 07-0380 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On March 31, 2009, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning April 13, 2009. All parties were represented by counsel. The following matters were resolved:

1.   **Trial schedule**: The parties expect that the case will take 7 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 11:45 a.m. and a 15 minute break at 1:45 p.m., all times approximate.

**2.**   **Number of jurors and challenges**: There shall be a jury of twelve members, plus two alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

**3.**   **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

**4.     Jury instructions**: The Court received proposed jury instructions from the parties; disputes will be resolved at an instruction conference during trial.

5.     **Trial exhibits**: No later than April 10, 2009, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6.     **Motions in limine**:

**Plaintiff's motions:**

Motion A: Re: defendant's out-of-court statements: DENIED as overbroad, without prejudice to specific objections to specific questions at trial.

Motion B: Re: advice of counsel: Plaintiff's request that defendant be precluded from raising an advice of counsel defense is not opposed by defendant and is GRANTED. Plaintiff's further request that all testimony in this regard be excluded is DENIED, without prejudice to specific objections to specific questions at trial.

Motion C: Re: References to potential punishment: Plaintiff's request that defendant be precluded from referring to defendant's potential sentence is not opposed by defendant and is GRANTED.

Motion D: Re: Reciprocal discovery requirements: The issue of whether the parties should exchange not just expert reports but also copies of underlying testing and test results is reserved; the parties should inform the Court prior to trial whether they have resolved the issue. Plaintiff's motion to exclude "proffered expert testimony" is DENIED without prejudice to specific objections to specific questions at trial, bearing in mind that "[e]xpert testimony is admissible if it merely 'support[s] an inference or conclusion that the defendant did or did not have the requisite mens rea, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony.'" *United States v. Watson*, 260 F.3d 301, 309 (3d Cir. 2001); *United States v. Cohen*, 510 F.3d 1114, 1126 (9th Cir. 2007).

Motion E: Re: forfeiture proceedings: Counsel indicated at the pretrial conference that they may

be able to resolve the forfeiture matters.

**Defendant's motion:** Defendant moves to exclude "poverty evidence." Plaintiff asserts its need to introduce evidence of defendant's financial condition, which unfortunately amounts to the same thing. The Court agrees that defendant's financial condition and financial transactions are relevant to issues in this case, and defendant's motion is DENIED, without prejudice to specific objections to specific questions at time of trial.

**IT IS SO ORDERED.**

Dated: March 31, 2009

SUSAN ILLSTON
United States District Judge